**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**DISTRICT OF MARYLAND**
NORTHERN DIVISION
TOWER II, SUITE 1100
100 SOUTH CHARLES STREET
BALTIMORE, MARYLAND 21201-2705
TEL: (410) 962-3962
FAX: (410) 962-0872

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2008 JUN -6  P 3:55

JAMES WYDA
FEDERAL PUBLIC DEFENDER

DENISE C. BARRETT
ASSISTANT FEDERAL PUBLIC DEFENDER

**Hand-delivery Via Inter-office Mail**

June 6, 2008

Crack Reduction      Reply to Government's Response to Motion for Reduction of Sentence
                     under 18 U.S.C. § 3582(c)

The Honorable Richard D. Bennett
United States District Judge
United States District Court
101 West Lombard Street
Chambers 5D
Baltimore, Maryland 21201

Re:   *United States v. Anthony Singleton*
      No. RDB-02-0170

Dear Judge Bennett:

Please accept and docket this letter as a Reply to the Government's Response to Motion for Reduction of Sentence.

The government does not oppose retroactive application of the guideline amendment to count one, but claims that "there is no vehicle that would permit reduction of the concurrent firearm sentence" of 120 months.

The government offers no authority for its position. The government also ignores the plain language of 18 U.S.C. § 3582, U.S.S.G. § 1B1.10, and the affect of the grouping rules on the firearm count. Nothing in section 3582 or 1B1.10 limits the Court's authority to reduce a sentence to the drug count, Count One. Those provisions, even under the most restrictive meaning generally taken by the government, require only that the new amendment have the affect of lowering the defendant's guideline range, no matter what the actual count of conviction.

In Mr. Singleton's case, the presentence report grouped Count Three, the firearm count for which he received 120 months, with Count One. PSR, para. 23 and 24. Under the

The Honorable Richard D. Bennett
June 6, 2008
Page 2

guidelines, because Count One carried a higher sentence, the firearm count carried the same sentence. The only reason the Court imposed 120 months for the firearm count rather than the 135 months it imposed on the drug count was because of the 120 month statutory maximum. Application of the grouping rules with the amended crack guidelines results in a lower offense level for Count Three, just as it does for Count One. Hence, the concurrent sentences for Counts One and Three may both be lowered to 114 months.

Hence, we request that the Court reduce Mr. Singleton's sentence on Count One from 135 months to 114 months and on Count Three from 120 months to 114 months. Both terms to run concurrently. With the 60 month consecutive sentence on Count Two, the total term of imprisonment would reduce from 195 months to 174 months.

I would be happy to address any other questions the Court may have about this matter.

Very truly yours

Denise C. Barrett
Assistant Federal Public Defender

DCB/kdw

Enclosures

cc:   Barbara Sale, AUSA
      Estelle Santana, USPO
      Anthony Singleton
      Court file