UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MARYLAND

ANTHONY SINGLETON          CASE NO:02-0170-RDB

    DEFENDANT

VS.

UNITED STATES OF AMERICA

    RESPONDENT

_____/

DEFENDANT MOTION FOR RECONSIDERATION OF HIS
IMPOSED SENTENCE PURSUANT TO 18 USC §3582(c)(2)
THAT WAS ENTERED ON JUNE 11,2008, RECEIVED BY DEFENDANT
ON JUNE 15,2008.

COME NOW, defendant Anthony Singleton, through his undersigned counsel, respectfully moves this Honorable Court for a reconsideration of his sentence pursuant to Amendment 709, under the criminal history category. In support defendant states thereof:

BACKGROUND

On June 10,2008, defendant sentence was reduced, based upon the crack-amendment, but his criminal history category was erroneously calculated, defendant two prior conviction that ran concurrent from New York State, specifically the charge of reckless endangerment case #10017466m-concurrent with possession of a weapon case #17730938. At the defendant initial sentencing these prior case that ran concurrent was separated by the probation officer for sentencing purposes.

## AMENDMENT 709

On November 1, 2007, the United States Sentencing Commission promulgated Amendment 709, which prohibited a sentencing court from separating a prior conviction that ran concurrent, or consolidated for enhancement purposes.

Under application note(2), of the amendment 709, pursuant to USSG §4A1.1.(f), a re-calculation of defendant criminal history category is warranted.

Application Note (2) read in pertinent part:

> "If the defendant has multiple prior sentence, determine whether those sentence are counted separately or as a single sentence. Prior sentences always are counted separately if the sentence were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentence are counted separately <u>unless</u> (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day count any prior sentence covered by (A), or (B) as a single sentence. See also USSG §4A1.1.(f).

Therefore, pursuant to application note (2), under (B), defendant sentence imposed on the same day would prohibit the sentencing court from separating his prior State conviction. Defendant contend that the court should re-calculate his sentence using 4A1.1.(f), which would result in 4 points, as oppose to the 6 points that was allocated to the defendant at his initial sentencing by the probation officer.

(2)

See <u>United States V. Godin,</u> No: 06-1749, April 10, 2008), Where the First Circuit Court of Appeals, applied Amendment 709, retroactive to <u>Godin</u> Supra. (Holding that, the district court judge should be given a chance to reconsider the sentence. But, as the judge's discretion is no longer rigidly controlled by the guideline range, the judge is free to consider the commission current thinking for whatever use it may be in exercising the court judgment about the defendant proper criminal history category for sentencing.

WHEREFORE, for the reasons stated herein, defendant respectfully requests a reconsideration of his sentence pursuant to Amendment 709, inconjunction with a re-calculation of his criminal history category points from criminal history category 5- reduce to criminal history category 4, for a new sentencing range.

RESPECTFULLY SUBMITTED

*[signature]* 40290037

~~DENNIS L. BARRETT~~
~~ATTORNEY FOR DEFENDANT~~

Low Security Correctional
Institution Allenwood
P.O. Box 1000
White Deer, A. 17881

(3)